David Martinez, Bar No. 193183
DMartinez@robinskaplan.com
Zachary A. Cohen, Bar No. 316547
ZCohen@robinskaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Plaintiff
New RSC, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| New RSC, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Orly Corporation; Orly Shoe Corporation; Ezra Antebi; Nabeel Shaikh; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-07132<br><br>**COMPLAINT FOR:**<br><br>**(1)   FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. § 1125(a));**<br><br>**(2)   FEDERAL TRADEMARK DILUTION (LANHAM ACT, 15 U.S.C. § 1125(c));**<br><br>**(3)   COMMON LAW TRADE NAME INFRINGEMENT;**<br><br>**(4)   UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200);**<br><br>**(5)   COMMON LAW UNFAIR COMPETITION; AND**<br><br>**(6)   STATE TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14247)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff New RSC, LLC ("rue21") hereby alleges and avers based on knowledge as to its acts and based on information and belief as to the acts of others, as follows:

## INTRODUCTION

1. This action arises from Defendants Orly Corporation, Orly Shoe Corporation, Ezra Antebi, and Nabeel Shaikh's ("Defendants") willful infringement of rue21's trademarks (the "rue21 Marks").

2. On or about December 2020, Defendants orchestrated, oversaw, and participated in a scheme to illegally sell hundreds of thousands of units of merchandise bearing the rue21 Marks and thereby illegally trade upon rue21's reputation, good will and intellectual property.

3. In December 2020, Defendants drafted and forged a Sell-Off Agreement with rue21 ("Forged Sell-Off Agreement") ostensibly giving Defendants authorization to sell merchandise bearing the rue21 Marks to other retailers.

4. To execute this fraud, at least Orly Shoe Corporation's Chief Operating Officer Nabeel Shaikh forged the signature of Steve Lyman, rue21's Senior Vice President of Supply Chain and Logistics on the Forged Sell-Off Agreement. A true and correct copy of the Forged Sell-Off Agreement is attached as **Exhibit A**.

5. After creating the Forged Sell-Off Agreement, Defendants sold over 300,000 units of rue21 merchandise bearing counterfeit rue21 Marks, and then repeatedly lied about their misconduct during cease-and-desist discussions leading up to this lawsuit, including the extent of infringing sales and profits and the units remaining in inventory.

6. Defendants' willful misconduct has caused and is likely to cause confusion or mistake, or to deceive members of the public.

## THE PARTIES

7. Plaintiff rue21 is a Delaware Limited Liability Company, whose headquarters and principal business are located at 800 Commonwealth Dr., Warrendale, PA 15086. rue21 is a widely recognized designer and retailer of contemporary and casual wear, including clothing, apparel, jewelry, shoes and

accessories. rue21 sells its products through both an on-line retail store outlet located at www.rue21.com, and a national chain of hundreds of physical stores.

8.  Defendants engage in the wholesale of footwear, fashion accessories, and home goods through partner retailers and vendors. Defendants conduct business in the United States and the State of California and purposefully target and market products to United States and California consumers.

9.  Defendant Orly Corporation is a New York corporation whose principal place of business is located at 15 W. 34th St., FL 7, New York, NY 10001.

10. Defendant Orly Shoe Corporation is a New York corporation whose principal place of business is located at 15 W. 34th St., FL 7, New York, NY 10001. Orly Corporation and Orly Shoe Corporation are collectively referred to as the "Orly Corporate Defendants."

11. Defendants Nabeel Shaik and Ezra Antebi (the "Individual Defendants") are individuals residing in New York. At all relevant times, the Individual Defendants were officers, directors and control persons of the Orly Corporate Defendants.

12. rue21 is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10 and therefore sues them by such fictitious names. Each DOE Defendant is responsible for the claims and damages alleged herein and is jointly and severely liable with all other Defendants. rue21 will seek leave of Court to amend this Complaint when it ascertains the identities of these defendants.

13. At all relevant times, the Individual Defendants knowingly and intentionally authorized and participated in Orly Shoe Corp.'s wrongful conduct alleged here. Among other things, the Individual Defendants directed, authorized, or participated in the forgery of the Forged Sell-Off Agreement, and directed, authorized, or participated in Defendants' continued sale of infringing and

61953377.5

1  counterfeit goods.  As such, the Individual Defendants are personally liable in this
2  action.
3       14.    Defendant Nabeel Shaikh is the Chief Operations Officer and a control
4  person of the Orly Defendants.  Defendant Shaikh, in his role as COO, was aware of
5  and participated in and facilitated the referenced conspiracy.  He communicated
6  with rue21 on a regular basis, and he knew that the Orly Defendants were making
7  misrepresentations to third party retailers using the Forged Sell-Off Agreement for
8  the purpose of inducing those retailers to conduct business and purchase and sell
9  illegal merchandise.  He failed to take any steps to prevent the use of the Sell-Off
10 Agreement or the sale of infringing merchandise and ratified the Orly Defendants'
11 illegal conduct.  Defendant Shaikh, as the COO, also facilitated and oversaw the
12 sale of illegal merchandise even after receiving notice of rue21's claims.  As a
13 result, and through his knowledge of the Orly Defendants' purchase and sale
14 practices and product listings, and his ability to control sales, Defendant Shaikh
15 directed, controlled and participated in the referenced conspiracy and illegal
16 conduct.
17      15.    Defendant Ezra Antebi is the Orly Defendants' Senior Vice President
18 of Footwear, Private Brands, and a control person of the Orly Defendants.  Mr.
19 Antebi communicated with rue21 regularly and was aware of and participated in
20 and facilitated the referenced conspiracy.  Mr. Antebi knew that the Orly
21 Defendants were making misrepresentations to third party retailers using the
22 Forged Sell-Off Agreement for the purpose of inducing those retailers to conduct
23 business and purchase and sell illegal merchandise.  He failed to take any steps to
24 prevent the sale of infringing merchandise and/or use of the Sell-Off Agreement
25 and ratified the Orly Defendants' illegal conduct.  Mr. Antebi also facilitated and
26 oversaw the sale of illegal merchandise even after receiving notice of rue21's
27 claims.  As a result, and through his knowledge of the Orly Defendants' purchase
28 and sale practices and product listings, and his ability to control sales, Defendant

Antebi directed, controlled and participated in the referenced conspiracy and illegal conduct.

16.  At all relevant times, Defendants acted through their agents, members and/or managing members.  At all relevant times each of the Defendants sued herein was the agent, ostensible agent, employee, alter ego, and/or co-conspirator of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency, employment, and conspiracy and with the knowledge, authorization, permission, consent and/or subsequent ratification and approval of each co-defendant.

## JURISDICTION AND VENUE

17.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

18.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Defendants have or are advertising and using the infringing mark in this judicial district, and because Defendants are "residents" of this judicial district.

## FACTUAL BACKGROUND

**A.   rue21's Famous Brand and Trademarks**

19.  rue21 has been in the business of designing and selling contemporary and casual wear, including clothing, apparel, jewelry, and accessories fashion since 1970 and has achieved nationwide fame.

20.  rue21 has used the rue21 Marks in interstate commerce since at least as early as September 25, 1980.

21. Since adopting the rue21 Marks, rue21 and its predecessors in interest have continuously promoted and used the marks throughout the United States in interstate commerce and have expended considerable sums in exerting every effort to maintain and develop the rue21 Marks.

22. As such, rue21 has created substantial and extremely valuable goodwill among the purchasing public under the rue21 Marks.

23. As a result of rue21's continuous and extensive use of the rue21 Marks, the rue21 Marks have become and continue to function as rue21's core business and marketing assets and serve to indicate to the trade and consuming public the products originating from rue21.

24. rue21's ongoing investment and effort to develop its intellectual property in the rue21 Marks since at least 1980 has resulted in widespread fame and recognition. rue21's website featuring the rue21 Marks is widely known and recognized in the United States.

25. In addition to establishing widespread common law trademark rights in the rue21 Marks, rue21 is the owner of multiple U.S. Trademark Registrations for the rue21 Marks in connection with men's and women's clothing, apparel, accessories, fragrances, home goods, and other goods and services, as follows:

| Mark | Registration No. | International Class |
| --- | --- | --- |
| RUE 21 | 2123489 | 035 |
| RUE 21 | 2592035 | 014, 026 |
| RUE 21 | 2276778 | 025, 026 |
| RUE 21 | 2450257 | 003 |
| RUE+ | 4753085 | 025, 035 |
| #RUE | 5982570 | 003 |
| RUE SPORT | 5004991 | 025 |
| RUEGUY | 4817152 | 035 |

| Mark | Registration No. | International Class |
|---|---|---|
| RUE BY RUE21 | 3304438 | 003 |
| RUE21 ETC! | 3363890 | 014, 025, 026, 035 |
| RUE21 ETC! | 4305019 | 003 |
| THE RUELIFE | 5262652 | 035, 041 |
| RUE BEAUTY | 5535392 | 003 |
| TRUE BY RUE21 | 5106655 | 025 |
| TRUE BY RUE21 | 5582401 | 003 |
| RUE21 ICON | 6160110 | 003 |
| RUE21 3 | 6176657 | 003 |
| RUNWAY 21 BY RUE21 | 4140336 | 003 |
| RUESWEETS | 4253746 | 030 |
| RUE REWARDS | 6114930 | 035 |
| RUE BUCKS | 4305383 | 016 |
| MÉTRO BLACK RUE21 | 3738169 | 003 |
| PINK ICE RUE21 | 3648607 | 003 |
| TWENTYONE BLACK | 3886903 | 003 |
| BLUSH BY RUE21 | 5997204 | 003 |

26.     Through such extensive use, advertising, marketing and promotion of the rue21 Marks, rue21 has built up, at great expense and effort, a valuable reputation and goodwill symbolized by its strong and distinctive marks.  By reason of the adoption and continuous use of the rue21 Marks in U.S. interstate commerce, rue21 has established valuable public recognition in the rue21 Marks as identifying rue21 as a trusted source of contemporary and casual wear, including clothing, apparel, jewelry, and accessories, among other goods.

61953377.5

**B.     The Forged Sell-Off Agreement**

27.     Defendants used the Forged Sell-Off Agreement to misrepresent the source of and to sell hundreds of thousands of merchandise units bearing false and unauthorized rue21 Marks.

28.     Through their brazen sale of merchandise bearing the rue21 Marks, Defendants created a likelihood of confusion and actual confusion among consumers as to the source.

**FIRST CLAIM FOR RELIEF**

**Federal Unfair Competition and False Designation of Origin**

**in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

29.     rue21 realleges and incorporates by reference herein paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth in full herein.

30.     With knowledge that they had no rights to use the rue21 Marks, Defendants engaged in the unauthorized use of the rue21 Marks by selling off rue21 goods bearing rue21 Marks.

31.     When Defendants engaged in the unauthorized use of the rue21 Marks, the rue21 Marks ceased to be genuine.  As a result, Defendants have sold rue21 goods bearing non-genuine rue21 Marks that are identical to genuine rue21 Marks.

32.     At all relevant times, Defendants have engaged in the unauthorized use of the rue21 Marks in commerce in a manner that is likely to cause confusion, mistake, or to deceive members of the public into believing that rue21 has authorized or approved the use of its rue21 Marks.

33.     Defendants' unlawful use of the rue21 Marks constitute false and misleading designations of origin and false and misleading representations of facts, which:

    A.     Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant

61953377.5

with rue21, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by rue21; and/or

B. Misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

34. Defendants' misconduct in violation of 15 U.S.C. § 1125(a) has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to rue21's business, reputation, and goodwill for which it is without an adequate remedy at law.

35. As a direct and proximate result of Defendants' intentional and willful violation of 15 U.S.C. § 1125(a), rue21 has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S. Code § 1117, and to disgorgement of Defendants' unlawful gains and profits.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Dilution in

### Violation of Lanham Act § 43(c), 15 U.S.C. § 1125(c)

36. rue21 realleges and incorporates by reference herein paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth in full herein.

37. The rue21 Marks are distinctive and famous throughout the United States. After the rue21 Marks became famous, Defendants used and are branding products with marks that are identical or virtually identical to the rue21 Marks.

38. rue21 is informed and believes and on that basis alleges that Defendants acted with knowledge of the fame and reputation of the rue21 Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

39. Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the rue21 Marks, to lessen the ability of the rue21 Marks to identify and distinguish rue21's products.

61953377.5

40. As a result of Defendants' violation of 15 U.S.C. § 1125(c), rue21 has and continues to suffer damages according to proof at trial. Further, unless Defendants are restrained, rue21 will continue to suffer irreparable damage and injury to its reputation and goodwill.

41. Because Defendants acted willfully and intentionally to trade on rue21's reputation and/or cause dilution of rue21's famous trademark, rue21 is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S. Code § 1117, and to disgorgement of Defendants' unlawful gains and profits.

### THIRD CLAIM FOR RELIEF

### Common Law Trade Name Infringement

42. rue21 realleges and incorporates by reference herein paragraphs 1 through 41, inclusive, of this Complaint as though fully set forth in full herein.

43. Defendants have engaged in trade name infringement under the common law of the State of California.

44. Defendants have intentionally deceived the public by misrepresenting that their services and/or its products are in some way sponsored or authorized by rue21 under its rue21 Marks.

45. Defendants' acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

46. As a proximate result of Defendants' acts, rue21 has and continues to suffer damages according to proof at trial. Further, unless Defendants are restrained, rue21 will continue to suffer irreparable damage and injury to its reputation and goodwill.

/ / /

/ / /

61953377.5

## FOURTH CLAIM FOR RELIEF

## Unfair Competition in Violation of

## California Business & Professions Code § 17200, *et seq.*

47. rue21 realleges and incorporates by reference herein paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth in full herein.

48. Defendants' misconduct in trading upon rue21's goodwill and reputation constitute an unlawful, unfair and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq*.

49. As a direct and proximate result of Defendants' unfair, unlawful and illegal business practices, rue21 has suffered irreparable harm to its reputation and goodwill. As such, rue21 is entitled to injunctive relief as set forth herein.

## FIFTH CLAIM FOR RELIEF

## Common Law Unfair Competition

50. rue21 realleges and incorporates by reference herein paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth in full herein.

51. Defendants' unauthorized sale and use of the rue21 Marks constitutes infringement and counterfeiting, and misappropriation of rue21's intellectual property, unjust enrichment of Defendants, as well as unfair competition with rue21 in violation of rue21's rights under the common law of the State of California and other states of the United States.

52. Defendants' willful conduct outlined herein has unjustly enriched Defendants in violation of rue21's rights. As such, rue21 is entitled to injunctive relief and monetary damages according to proof at trial.

///

///

61953377.5

## SIXTH CLAIM FOR RELIEF

## Dilution in Violation of

## California Business & Professions Code § 14247, *et seq.*

53. rue21 realleges and incorporates by reference herein paragraphs 1 through 52, inclusive, of this Complaint as though fully set forth in full herein.

54. The rue21 Marks are distinctive and famous throughout the United States. After the rue21 Marks became famous, Defendants used and are using a mark in products and advertising that is identical or virtually identical to the rue21 Marks.

55. rue21 is informed and believes, and on that basis alleges, that Defendants acted with knowledge of the fame and reputation of the rue21 Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

56. Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the rue21 Marks, to lessen the ability of the rue21 Marks to identify and distinguish rue21's products.

57. As a result of Defendants' violation of California Business and Professions Code § 14247, *et seq.*, rue21 has and continues to suffer damages according to proof at trial. Further, unless Defendant is restrained, rue21 will continue to suffer irreparable damage and injury to its reputation and goodwill.

///

///

///

61953377.5

**PRAYER FOR RELIEF**

WHEREFORE, rue21 prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

1. That the Court orders a preliminary and permanent injunction enjoining Defendants, their members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, including but not limited to the Individual Defendants, and any other persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement, counterfeiting, and/or dilution of the rue21 Marks and from any further acts of unfair competition;

2. That the Court finds that Defendants' misuse of the rue21 Mark was, at all relevant times, willful and intentional;

3. That the Court awards damages sustained by rue21 in an amount according to proof at trial;

4. That the Court order an accounting to rue21 for Defendants' profits derived from their unlawful acts, and for disgorgement of those profits;

5. That the Court enter judgment for three times Defendants' profits and rue21's damages and such additional sum as the court shall find to be just, along with reasonable attorney's fees and prejudgment interest;

6. That the Court require that Defendants, within thirty (30) days after service of the judgment demanded here, to file with this Court and serve upon rue21's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

7. That the Court orders an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its unlawful conduct;

8. That the Court retain jurisdiction of this action for the purpose of enabling rue21 to apply to the Court at any time for such further orders and

interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement and compliance therewith, and for the punishment of any violations thereof;

9. For such further relief as the Court deems just and proper.

Dated: September 30, 2022   **ROBINS KAPLAN LLP**

By: /s/ David Martinez
    David Martinez
    Zachary A. Cohen
Attorneys for Plaintiff, New RSC, LLC

61953377.5

**DEMAND FOR JURY TRIAL**

rue21 hereby demands a trial by jury.

Dated: September 30, 2022      **ROBINS KAPLAN LLP**

By: /s/ David Martinez
    David Martinez
    Zachary A. Cohen
Attorneys for Plaintiff, New RSC, LLC

# EXHIBIT A

# rue21

## 800 Commonwealth Drive, Warrendale, PA

Entered into by and between

**Orly Shoe Corporation**

(Hereinafter referred to as **"the Seller"**)

And

Rue21, Inc

(Hereinafter referred to as **"the Purchaser"**)

1. **RE-SALE OF AND FASHION BOOTIES**

    The Purchaser hereby allows the re-sell to the Seller the following styles:

    BRAND: Rue21

    Models: Janet, 12805, Elayne, Joey, Mara, Simi, Becky, Jessie, Selene, 10240, 10881, 18291, Shella

    Year: 2020

2. **PURCHASE PRICE TO <u>NOT</u> BE BILLED: $518,219.00**

3. **CLAUSES FOR RESALE**

3.1  The Seller will not sell proprietary brands to any direct competitor including Forever21, American Eagle, Aeropostale, or any online Chanel

3.2  The Seller warrants that the re-sell cannot be resold to an additional 3rd party.

3.3  The Seller will remove price-tickets and hangtags off product.

3.4  The Seller will not advertise the mentioned styles in any media.

3.5  The Seller warrants that these items will not be sold in any catalog or e-commerce distribution.

4. **WHOLE AGREEMENT**

This is the whole agreement between the parties and no amendment, alteration or addition thereto shall be of any force or effect unless reduced to writing and signed by both parties.

SIGNED at New York City (*place*) on this 12/16/2020 (*day, month, year*).

_____
Seller
Orly Corporation
Nabeel Shaikh COO

_____
Purchaser
Rue21
Steve Lyman- Council

Exhibit A, Page 17